**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

**Eliza Carmen Rodriguez**
Assistant U.S. Attorney
Eliza.Carmen.Rodriguez@usdoj.gov
(503) 727-1040
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

5/1/2026

Tyl Bakker
621 SW Alder Street, Suite 621
Portland, OR 97205

Re: *United States v. Miguel "Jenni" Rosales*, Case No. 3:23-cr-00188-SI

Dear Counsel:

This letter will set forth the government's plea offer in this case.

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive indictment and plead guilty to Count One of the Information, which charges them with Distribution of Child Pornography in violation of Title 18, United States Code, Section 2252A(a)(2).

3. **Penalties**: Count One carries a mandatory minimum of 15 years' imprisonment, maximum penalty of 40 years' imprisonment, a $250,000 fine, a term of supervised release of five years to life, and a $100 fee assessment. Under 18 U.S.C. § 3014(a), these offenses carry an additional $5,000 fee assessment for non-indigent persons. Under 18 U.S.C. § 2259A(a)(2), the Court can impose an additional assessment of up to $35,000. *In addition, defendant will be required to register as a sex offender.* Defendant agrees to pay restitution to any victim depicted in the images he distributed or possessed as set forth below. Defendant agrees to pay the $100 fee assessment by the change of plea hearing or explain to the Court why he cannot do so.

Defendant understands that pleading guilty to the charges in this plea agreement may have immigration consequences if defendant is not a United States citizen, including removal from the United States, denial citizenship, and denial of admission to the United States in the future

4. **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration no later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply

with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

5. **Dismissal/No Additional Prosecution**: In exchange for the defendant's guilty plea, the USAO will not file nor seek any other new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6. **Elements and Factual Basis**: In order for defendant to be found guilty of Count One of the Information, the government must prove the following elements beyond a reasonable doubt:

First, that on or about December 24, 2021, in the District of Oregon, defendant knowingly and unlawfully distributed any matter that contained an image of child pornography, as defined in Title 18 United States Code Section 2256(8); and

Second, that such child pornography had been transported in interstate or foreign commerce by any means, including by computer; and

Third, that he knew that such items constituted child pornography.

Fourth, that, at the time the distribution of child pornography occurred, defendant had previously been convicted of Luring a Minor in violation of Oregon Revised Statute § 167.057 and Sodomy in the Third Degree in violation of Oregon Revised Statute § 163.385 in the Circuit Court of the State of Oregon for Washington County, in case number C120189CR.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which he is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant agrees that the government can prove each of the following facts beyond a reasonable doubt at trial:

On December 24, 2021, a Cybertip from Snapchat reported that a user with the name "divaza05" and associated phone number ending in 2944 distributed a video of child pornography to another user. This phone number had been given by Defendant to their probation officer approximately a month and a half earlier. The video distributed depicted a prepubescent child approximately 6-9 years old being anally penetrated by an adult male wearing a silver thumb ring.

A search warrant was sought and executed for defendant's cellular phone. When defendant was interviewed, they admitted that at first admitted that the account "divaza05" belonged to them but then denied it. They later conceded that they might have had that account in 2020 or 2021. A forensic review of the phone revealed both thumbnails of child pornography and additional evidence attributing the "divaza05" account to defendant. The phone contained 2

videos and 9 photos of child pornography. Combined with the prior distributed video, the total count of images is 232.

Defendant knew that distributed video constituted child pornography.

Defendant's conduct took place in the District of Oregon.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range pursuant to the United States Sentencing Guidelines (USSG), then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Guideline Application**: The parties agree that defendant's relevant conduct, as defined in USSG § 1B1.3, includes all the unlawful conduct alleged in each count of the original indictment and the Information. The parties agree that the following guideline calculations presently apply:

| | |
|---|---|
| Base offense level [USSG § 2G2.2(a)(2)] | 22 |
| Offense involving prepubescent minor [§ 2G2.2(b)(2)] | +2 |
| Knowingly engaged in distribution [§ 2G2.2(b)(3)(F)] | +2 |
| Images display Sadistic or Masochistic Conduct [§ 2G2.2(b)(4)] | +4 |
| Use of computer [§ 2G2.2(b)(6)] | +2 |
| More than 150 images, but fewer than 300 [§ 2G2.2(b)(7)(B)] | +3 |
| **Adjusted offense level** | **35** |

Except as provided below, the parties agree that no additional specific offense characteristics or cross-references as set forth in USSG §§ 2G2.2(b) or (c) and no aggravating or mitigating factors as set forth in USSG Chapter Three presently apply to this case.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility for his unlawful conduct in this case. If defendant does so, the USAO agrees to recommend a three-level reduction for acceptance of responsibility under USSG § 3E1.1. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing

guideline range under the sentencing guidelines provisions, or under 18 U.S.C. § 3553, or to seek a sentence below that range, except as specified in this agreement.

11. **Sentencing Recommendation**: Provided defendant accepts responsibility and fulfills all his obligations under this agreement, the USAO will recommend a sentence of a low-end guideline range. Defendant may seek a lower sentence, but not less than 180 months. The parties may each seek any term of supervised release within the statutory range under 18 U.S.C. § 3583(k).

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the U.S. Probation Office. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the Court and the U.S. Probation Office of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the District Court, either prior to or at sentencing. If defendant fails to raise a breach claim in District Court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: The Court shall order restitution to each victim depicted in the images defendant *distributed or possessed* in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses proximately caused by his conduct.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C § 3614, he may be resentenced to any sentence that could have originally been imposed if the Court determines that he knowingly and willfully refused to pay restitution as ordered or failed to make sufficient bona fide efforts to pay restitution. Additionally, defendant understands and agrees that the government may enforce collection of restitution imposed in this case pursuant to 18 U.S.C §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt he owes in connection with this matter may be included in the Treasury Offset Program (TOP) to potentially offset his federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C § 3612(b)(F), defendant understands and agrees that until a restitution order is paid in full, he must notify the USAO of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C § 3664(k), defendant must immediately notify the Court and the USAO of any material change in his economic circumstances that might affect his ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

Defendant agrees to fully disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the enclosed Financial Disclosure Statement, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office at or before the change of plea hearing. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to notify the Financial Litigation Unit of the USAO before transferring any interest in property with a value exceeding $1000 defendant owns directly or indirectly,

individually or jointly, including any interest held or owned under any name, including trusts, partnerships, and corporations.

17. **Forfeiture Terms:** By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to their iPhone Pro 13 Max. The defendant admits the device described in this paragraph contains child pornography or was used to commit or facilitate the commission of the offense alleged in the Information.

18. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. Defendant agrees that no officer, employee, or agent of the United States has threatened or coerced him to induce him to accept this offer.

19. **Deadline**: This plea offer expires if not accepted by **May 5, 2026,** at **5:00pm**.

If defendant wishes to accept this offer, both of you should sign and date this letter in the spaces provided below. Please attach the signed original to the Petition to Enter Plea and send me a copy at your earliest convenience.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Eliza Carmen Rodriguez*
ELIZA CARMEN RODRIGUEZ
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8/31/26
Date

MIGUEL "JENNI" ROSALES
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/31/26
Date

TYL W. BAKKER
Attorney for Defendant